UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

99-08063-CR-KING

UNITED STATES OF AMERICA

v.

JOHN ROBERT HASSON *et. al.*,

    Defendants.
_____/

## REPLY TO GOVERNMENT RESPONSE TO MOTION FOR COMPASSIONATE RELEASE

John Robert Hasson, through undersigned counsel, replies to the government's response (DE 907) to his motion for a compassionate release (DE 900), and in support states:

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment where (1) the Bureau of Prisons ("BOP") has first had sufficient opportunity to review the defendant's request and (2) "extraordinary and compelling reasons warrant such a reduction." The government concedes that both requirements have been met: this Court has jurisdiction to grant Mr. Hasson's request for compassionate release and because he suffers from diabetes and hypertension, "extraordinary and compelling reasons" exist for his release. Therefore, the statutory requirements for compassionate release are not in dispute.

Once jurisdiction and "extraordinary and compelling reasons" have been established, as they have been here, the United States Sentencing Guidelines

instruct the Court to determine if the defendant is a danger to the community and consider the 18 US.C. § 3553(a) factors. U.S.S.G. § 1B1.13. The analysis of both directs that Mr. Hasson be released.

The government also acknowledges that Mr. Hasson was convicted of a non-violent offense and that he has been exceptionally well-behaved in prison. His prison behavior proves that he has learned his lesson and that he is extremely unlikely to be a recidivist. But, his prison behavior has gone well beyond being obedient. Mr. Hasson, as detailed in his previous requests for release (DE 882, 897, 900), has been a tremendously positive influence by inspiring other inmates, helping BOP staff, and putting his own life in danger as a true hero.

Ms. Little (formerly Ms. Bender), a former BOP counselor, certainly believes that Mr. Hasson should be released:

> I thank God for sending inmate Hasson to my aid that day which saved my life. I truly believe had it not been for John Robert Hasson's altruistic actions, I would have been more physically and mentally inured than I am or dead. Inmate Hasson's actions are a clear demonstration of his changed values and compassion for his fellow man. I ask Your Honor to see the good this man has done, and grant him Home Confinement.

DE 882, exhibit 11; *see also* DE 882, exhibit 5. Mr. Hasson's heroics with respect to Ms. Little, alone, are sufficient for his release from prison. Mr. Hasson has literally *dedicated* his 21 years in prison to becoming a better person and helping others.

The government's sole argument for keeping Mr. Hasson in prison is because of the restitution he still owes. Mr. Hasson should not be kept in prison

2

because he owes money.  Not only is that inhumane as a form of debtors' prison, but the argument does not make common sense.  Mr. Hasson will be able to pay his restitution at a higher rate if is he is released from prison and able to work.  It should be noted that Mr. Hasson has been regularly paying his restitution while incarcerated, in addition to the at least $13,978,790.42 he paid near sentencing.[1]

Mr. Hasson faces a very dangerous time.  The CDC expects individuals who have already gotten the virus to get reinfected. https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.  As the Court is aware, it is impossible to practice the CDC recommended precautions in prison.  Mr. Hasson is still experiencing health problems from his initial infection. Coupled with his pre-existing conditions, reinfection could be tragic.

Cases are spiking in Miami-Dade County.  FCI-Miami currently has 26 cases of COVID (22 staff members).  FCI-Miami staff is coming and going from the prison daily.  FCI-Miami has very little ability to control its staff's behavior and virus protection when they are not working.   Mr. Hasson was infected approximately 3 months ago. And it is likely that what immunity he had, if any, is dissipating or completely gone.

There is no doubt that Mr. Hasson's crime was serious.  However, he has served 21 years.  He has been incarcerated from age 47 until age 68 – a significant portion of his life.  It is undersigned experience with this Court that it is one of the

---

[1] Upon information and belief, the victims received more restitution that the government alleges.  If the Court is at all troubled by the victims being made whole (or any other issue), this is an issue that can be addressed while Mr. Hasson is being supervised after release by this Court.

most sagacious and wise Courts in the country. The Court's wisdom and experience allow it to be merciful as well as tough. Respectfully, it is time to release Mr. Hasson so that he does not pay for his crimes with further serious health consequences or even his life.

WHEREFORE, Mr. Hasson respectfully requests that this Court order him released from custody. Mr. Hasson also respectfully requests an evidentiary hearing if the Court deems it helpful.

Respectfully submitted,

JOHN W. WYLIE, P.A.
s/ John W. Wylie_____
Attorney: John W. Wylie, Esq.
Florida Bar No. 0133817
150 Southeast 2nd Avenue, Suite 602
Miami, Florida 33131
Telephone:   (305) 586-1338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed via EM/ECF this 4th day of November, 2020.

s/ John W. Wylie
John W. Wylie